UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ELIZABETH MITRIONE, on behalf of MELISSA, Infant,
representative as guardian *ad litem*, and BRITTANY PAGE,

                                        Plaintiffs,

       -against-                                    1:02-CV-0526 (LEK/RFT)

PATRICIA MONROE, M.D., and ADIRONDACK
INTERNAL MEDICINE AND PEDIATRICS, P.C.,

                                        Defendants,

_____

## DECISION AND ORDER

       Presently before the Court is a Motion by Defendants Patricia Monroe, M.D. and

Adirondack Internal Medicine and Pediatrics, P.C. (collectively, "Defendants"), requesting that this

Court certify its Memorandum-Decision and Order dated May 13, 2009 ("May 13, 2009 Order")

(Dkt. No. 201)[1] for an immediate appeal.  Motion (Dkt. No. 221).  For the reasons discussed below,

Defendants' Motion is denied.

## I.     BACKGROUND[2]

       Plaintiffs filed their Complaint in this matter on April 16, 2002.  Complaint (Dkt. No. 1).

Following motion practice and a Mandate by the Second Circuit Court of Appeals filed on

December 23, 2008 (Dkt. No. 165), Plaintiffs' medical malpractice claims against Defendants are

_____

       [1] Page v. Monroe, No. 1:02-CV-0526, 2009 WL 1347077 (N.D.N.Y. May 13, 2009).

       [2] The Court assumes the parties' familiarity with the factual background and extensive
procedural history of this case.  Accordingly, this section will only address the facts and procedural
history relevant to the pending Motion.  For further discussion of the facts and the case history, see
the Court's previous Orders in this case.

scheduled for a trial set to begin on August 18, 2009.  In their Answer to Plaintiffs' Complaint,

Defendants had asserted Cross-Claims against various Cross-Defendants, arguing that each of the

Cross-Defendants had a relationship with Plaintiffs giving rise to a duty of care which the Cross-

Defendants violated, thereby causing or contributing to Plaintiffs' injuries.  Answer (Dkt. No. 15).

The Cross-Defendants included Nancy Lewis ("Lewis") and the Crisis Center of Clinton, Essex and

Franklin Counties, Inc. ("Crisis Center") (collectively, the "Lewis Cross-Defendants").

Lewis was a counselor at the Crisis Center during the Fall of 2000.  Deposition of Nancy

Lewis ("Lewis Dep.") at 8 (Dkt. No. 81, Ex. F.).  Lewis counseled Plaintiff Brittany Page

("Brittany") on a weekly basis after the Crisis Center received a referral that Brittany had reported to

her mother that she had been touched inappropriately by her older brother.  Lewis Dep. at 17-19.  In

support of their Cross-Claims for contribution against Lewis and the Crisis Center, Defendants

alleged that Lewis breached her duty of care to Brittany by, *inter alia*, failing to discuss Brittany's

allegations of sexual abuse during their counseling sessions and failing to take appropriate actions

following a December 4, 2000 meeting at Brittany's school.[3]  Defendants also alleged that the Crisis

Center breached its duty to Brittany by its failure to properly train Lewis prior to Lewis beginning

counseling sessions with Brittany.

In its May 13, 2009 Order, this Court granted all Cross-Defendants' Motions for summary

judgment and dismissed all Cross-Defendants from this action.  Dkt. No. 201.  The Court concluded

that Defendants had "failed to provide sufficient evidence of the standard of care applicable to

---

[3] Defendants also argued that Lewis was liable in contribution for breaching her statutory duty as a mandated reporter of child abuse.  However, Defendants have not discussed that issue in their papers supporting the pending Motion, and the Court finds no reason to certify that issue for interlocutory appeal.

Lewis as an unlicensed crisis counselor." Id. at 11-12 (citations omitted). In its opposition to Lewis and the Crisis Center's Motion for summary judgment, Defendants relied upon an expert affidavit by Dr. Susan Cox, Ph.D. ("Dr. Cox"), a psychologist, which criticized several aspects of Lewis's handling of her counseling with Brittany. Id. at 12; Cox Aff. (Dkt. No. 138, Attach. 1).

In its May 13, 2009 Order, the Court held that the affidavit did not create a triable issue of fact on the contribution claim:

> Dr. Cox's affidavit does not include a factual foundation for her assertions regarding the standard of care applicable to unlicensed crisis counselors. Neither Dr. Cox's affidavit nor Defendants' memorandum cites any professional guidelines, regulations, pertinent case law, or other sources to support Dr. Cox's conclusory assertions regarding the standard of care. Accordingly, Dr. Cox's affidavit is insufficient to overcome Lewis and the Crisis Center's Motion for summary judgment.

May 13, 2009 Order at 12 (citing Diaz v. New York Downtown Hosp., 99 N.Y.2d 542, 545 (2002)).

The Court also found that Defendants had:

> failed to produce sufficient evidence to show that the Crisis Center's training of Lewis was inadequate, or that the lack of training caused harm to Brittany. Again, Dr. Cox's statements regarding the alleged lack of training are conclusory and do not reference any sources for how much training is required for unlicensed counselors such as Lewis.

May 13, 2009 Order at 13.

On June 5, 2009, the Defendants appealed the May 13, 2009 Order to the United States Court of Appeals for the Second Circuit, appealing that Order only insofar as to the Court's granting of summary judgment for the Lewis Cross-Defendants. See Notice of Appeal (Dkt. No. 205). On July 6, 2009, the Lewis Cross-Defendants filed a Motion in the Second Circuit seeking dismissal of this appeal, on the grounds that the Second Circuit does not yet have jurisdiction over the appeal because a final judgment has not been entered in this case and this Court has not certified the interlocutory decision for immediate appeal pursuant to 28 U.S.C. § 1292(b). See Dkt. No. 221, Ex.

3

A.  On July 16, 2009, the Defendants entered into a Stipulation with the Lewis Cross-Defendants,

agreeing to withdraw their appeal as premature because claims were still pending before this Court

and no certificate of appealability had been granted by this Court.  Dkt. No. 226, Attach. 2.

Defendants filed the pending Motion for a certificate of appealability on July 10, 2009.  Dkt.

No. 221.  The Lewis Cross-Defendants filed their response in opposition on July 24, 2009.  Dkt. No.

226.

## II.   DISCUSSION

### A.   The Court's Jurisdiction to Consider the Motion

As noted above, the Defendants have entered into stipulation with the Lewis Cross-

Defendants to withdraw the appeal.  Dkt. No. 226, Attach. 2.  However, the parties have not

submitted documentation showing whether the Second Circuit has accepted that stipulation.  Even if

the appeal were not withdrawn, however, this Court has jurisdiction to pass upon the Motion,

notwithstanding the fact that Defendants filed the instant Motion after filing their appeal with the

Second Circuit.

As a general rule, "[t]he filing of a notice of appeal . . . confers jurisdiction on the court of

appeals and divests the district court over those aspects of the case involved in the appeal."  Griggs

v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982).  "The divestiture of jurisdiction rule

is, however, not a per se rule.  It is a judicially crafted rule rooted in the interest of judicial

economy[.]"  United States v. Rodgers, 101 F.3d 247, 251 (2d Cir. 1996).  In Rodgers, the Second

Circuit noted that "[w]e fail to see any efficiency in allowing a party to halt district court

proceedings arbitrarily by filing a plainly unauthorized notice of appeal which confers on this court

the power to do nothing but dismiss the appeal."  101 F.3d at 251-52.

Here, Defendants sought to appeal a non-final order without first obtaining a certificate of appealability from this Court.  Therefore, their appeal was plainly unauthorized and did not divest this Court of jurisdiction.  See Rodgers, 101 F.3d at 251-52; Hoffenberg v. United States, No. 00 Civ. 1686(RWS), 2004 WL 2338144, at *3 (S.D.N.Y. Oct. 18, 2004) ("the order and opinion from which Hoffenberg has noticed his two appeals is an interlocutory order which may only be appealed where permission has been given by the district court in the first instance.  As Hoffenberg has noticed his appeals prior to receiving any such permission, the notices of appeal would appear to be premature and ineffective, and, accordingly, it would seem that this Court had not been divested of jurisdiction to consider Hoffenberg's motion for a certificate of appealability.").

### B.    28 U.S.C. § 1292(b)

"It is a basic tenet of federal law to delay appellate review until a final judgment has been entered."  Koehler v. Bank of Bermuda, Ltd., 101 F.3d 863, 865 (2d Cir. 1996) (citing Coopers & Lybrand v. Livesay, 437 U.S. 463 (1978)).  28 U.S.C. § 1292(b) provides "a rare exception to the final judgment rule that generally prohibits piecemeal appeals."  Koehler, 101 F.3d at 865.  Section 1292(b) "allows permissive appeals of non-final interlocutory orders that involve (1) a controlling question of law over which there is (2) a substantial ground for difference of opinion and which (3) will likely materially advance the ultimate termination of the litigation."  Nat'l Asbestos Workers Med. Fund v. Philip Morris, Inc., 71 F. Supp. 2d 139, 161 (E.D.N.Y. 1999) (citing 28 U.S.C. § 1292(b)).  "District courts have substantial discretion in deciding whether to certify a question for interlocutory appeal[.]"  Marriott v. County of Montgomery, 426 F. Supp. 2d 1, 13 (N.D.N.Y. 2006) (citations omitted); see Nat'l Asbestos, 71 F. Supp. 2d at 162 ("The legislative history, congressional design and case law indicate that district court judges retain unfettered discretion to

deny certification of an order for interlocutory appeal even where the three legislative criteria of section 1292(b) appear to be met.") (citations omitted).

### 1.  Controlling Question of Law

"In determining whether a controlling question of law exists the district court should consider whether: reversal of the district court's opinion could result in dismissal of the action; reversal of the district court's opinion, even though not resulting in dismissal, could significantly affect the conduct of the action; or, the certified issue has precedential value for a large number of cases." Primavera Familienstifung v. Askin, 139 F. Supp. 2d 567, 570 (S.D.N.Y. 2001) (citing Klinghoffer v. S.N.C. Achille Lauro, 921 F.2d 21, 24-25 (2d Cir. 1990)) (other citation omitted).

Defendants contend that "the sufficiency of Dr. Cox's affidavit is a controlling question of law in that a finding that the affidavit was sufficient would reinstate the cross-claims of the herein moving defendants." Defs.' Mem. in Supp. at 2 (Dkt. No. 221, Attach. 4).

The Court concludes that dismissal of the Cross-Claims for contribution against Lewis and the Crisis Center does not involve a controlling question of law sufficient to certify the May 13, 2009 order for interlocutory appeal.  It is clear that reversal of the Court's May 13, 2009 Order would not result in dismissal of the action, as the appeal only concerns Cross-Claims for contribution and does not directly impact Plaintiffs' underlying claims against Defendants. Defendants also do not contend that the issue raised by their appeal would have precedential value for a large number of cases.  Reversal of this Court's opinion could have a significant impact upon the conduct of the litigation–but that is true only if the issues as to the Lewis Cross-Defendants' liability are not rendered moot by the outcome of the trial on Plaintiffs' claims, as discussed below. Given that uncertainty, there are insufficient grounds to certify the May 13, 2009 Order for

immediate appeal.  See Nat'l Asbestos, 71 F. Supp. 2d at 163 (factors courts may consider when

deciding whether to grant an interlocutory appeal include "the probability that other issues may

moot the need for the interlocutory appeal.").

> **2.      Substantial Ground for Difference of Opinion**

In order to determine whether there is substantial ground for difference of opinion, the Court

"must analyze the strength of the arguments in opposition to the challenged ruling, and determine

whether there is 'substantial doubt' that the district court's order was correct."  In re Methyl Tertiary

Butyl Ether Prods. Liab. Litig., 399 F. Supp. 2d 320, 322-23 (S.D.N.Y. 2005) (internal citations

omitted); see In re Flor, 79 F.3d 281, 284 (2d Cir. 1996) (noting "that the mere presence of a

disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a

substantial ground for difference of opinion.") (citations omitted).

Defendants contend that there is substantial ground for difference of opinion as to whether

Dr. Cox's affidavit was sufficient to raise a question of fact.  Defendants assert that:

> In its May 13, 2009 decision, the Court noted that Dr. Cox's affidavit was insufficient
> in that it did not refer to any professional guidelines or regulations and that, as such, her
> opinion was conclusory.  Defendants respectfully submit, however, that the inclusion
> of such information in an affidavit does not render the affidavit necessary sufficient (see
> Diaz v. New York Downtown Hospital, 99 N.Y.2d 542, 544 (2002) (where the expert's
> reliance on the guidelines of two professional organizations was insufficient to raise a
> question of fact as to the standard of care) and that the omission of such information
> therefore does not make Dr. Cox's affidavit deficient as a matter of law.

Defs.' Mem. in Supp. at 2-3.  However, the Court cited to Diaz in its May 13, 2009 Order, and fails

to see how Diaz supports Defendants' contention that there is substantial ground for a difference of

opinion as to the sufficiency of Dr. Cox's affidavit.  In Diaz, the New York Court of Appeals held

that an affidavit was insufficient to raise an issue of fact as to standard industry practice, despite the

affiant's citing to industry guidelines, as the guidelines merely presented recommendations rather than rules for industry practitioners.  99 N.Y.2d at 544-45.  Diaz supports, rather than undermines, the Court's conclusion that Dr. Cox's affidavit did not raise a triable issue of fact.  Dr. Cox's affidavit cited to no industry or professional guidelines at all, and thus has less evidentiary support than the affidavit found to be insufficient in Diaz.

Defendants further argue that Dr. Cox's affidavit was sufficient to raise a question of fact because she made "specific factual references to the record in the case, pointing out the specific acts and/or omissions that constituted deviations from the standard of care," and she "submitted her curriculum vitae detailing her credentials and experience to render such an expert opinion."  Defs.' Mem. in Supp. at 3.  However, neither the specific factual references in the affidavit nor Dr. Cox's credentials establish any foundation for Dr. Cox's contentions as to the standard of care applicable to unlicensed crisis counselors such as Lewis.  As Defendants did not present a sufficient evidentiary basis to establish the contours of the standard of care applicable to Lewis, the Court could not rely on Dr. Cox's conclusory assertions that Lewis's actions were not in conformity with that standard of care.  Accordingly, the Court does not find substantial doubt that its May 13, 2009 Order was correct.

### 3.       Advancing the Ultimate Termination of the Litigation

To demonstrate that an interlocutory appeal would materially advance the ultimate termination of the litigation, "it is not enough that the interlocutory appeal would not delay the action; it must 'advance the time for trial or . . . shorten the time required for trial.'"  Anderson Group, LLC v. City of Saratoga Springs, No. 1:05-CV-1369, 2008 WL 2064969, at *1 (N.D.N.Y. May 13, 2008) (quoting In re Oxford Health Plans, Inc., 182 F.R.D. 51, 53 (S.D.N.Y. 1998)).

Defendants argue that an immediate appeal would materially advance the ultimate termination of the litigation:

> in that a denial of the cross-defendants' motion for summary judgment would allow the issue of the cross-defendants' liability for contribution . . . to be resolved contemporaneously with the other claims in the case. . . . [A] subsequent action by defendants . . . against Nancy Lewis and the Crisis Center would necessarily involve many of the same witnesses and exhibits as the trial of the main action herein. Not only would this duplication of effort be adverse to judicial economy, but given the nature of the suit, i.e., the sexual abuse of two young girls, there could be great difficulty in securing the testimony of the same witnesses a second time.

Defs.' Mem. in Supp. at 3. The Lewis Cross-Defendants contend that Lewis will be a trial witness and will testify regarding her encounters with Plaintiff Brittany Page and that therefore, any issues as to Lewis's liability can be determined, if necessary, by examining the trial record. Lewis Cross-Defs.' Mem. in Opp'n at 4 (Dkt. No. 226).

Given the long history of this case, the Court finds that certifying the May 13, 2009 Order for interlocutory appeal would likely frustrate, rather than advance, the ultimate termination of this litigation. If Defendants prevail at trial, any issue as to the contribution claims against the Lewis Cross-Defendants will become moot, because Defendants would not need to seek contribution against Lewis or the Crisis Center. While the Court understands the Defendants' concern about the potential difficulty of securing witness testimony to ascertain the extent of the Lewis Cross-Defendants' liability for contribution, that problem will only manifest if (1) Plaintiff prevails at trial and (2) Defendants' appeal of the May 13, 2009 Order proves successful. Even if both of those contingencies occur, Lewis's trial testimony may be sufficient to establish her liability in contribution, if any.

This case was filed in 2002 and concerns events from 2000 and 2001. Considering the needs

9

of all parties and the interests of both finality and judicial efficiency, the Court concludes that the proper course of action is to deny the Defendants' Motion and proceed with the trial.  In the event that Plaintiffs prevail at trial, Defendants may pursue their appeal as to the Cross-Claims.  Certifying this case for appeal at this juncture, however, would only further lengthen the course of what has already been protracted litigation for all parties.[4]

### III.    CONCLUSION

Accordingly, it is hereby

**ORDERED**, that Defendant's Motion for a certificate of appealability (Dkt. No. 221) is **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:      August 11, 2009
            Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge

---

[4] Defendants' papers in support of their Motion do not specifically address the Court's dismissal of the Cross-Claims regarding the Crisis Center's training of Lewis.  Interlocutory appeal of that claim is also inappropriate, as Defendants relied upon Dr. Cox's affidavit in support of that claim, and the Court finds no other reason to support appellate review of that claim prior to trial.

10