UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ELIZABETH MITRIONE, as Guardian Ad Litem on behalf
of MELISSA PAGE, an infant, and BRITTANY PAGE,
Individually,

*Plaintiffs,*

- against -

PATRICIA MONROE, M.D. and ADIRONDACK INTERNAL
MEDICINE AND PEDIATRICS, P.C.,

*Defendants.*

### MEMORANDUM OF LAW
02-CV-0526
(LEK/RFT)

This Memorandum of Law is submitted in support of the defendants', PATRICIA MONROE, M.D., AND ADIRONDACK INTERNAL MEDICINE AND PEDIATRICS, P.C., renewed motion for judgment as a matter of law and motion for a new trial, pursuant to Federal Rules of Civil Procedure 50(b), 59 and N.Y.N.D. L.R. 7.1(g). The facts upon which this memorandum is based are set forth with particularity in the accompanying Affidavit of Kelly M. Monroe, Esq.

### ARGUMENT

### POINT I

### NON-PARTY TORTFEASORS SHOULD HAVE BEEN INCLUDED ON THE JURY VERDICT SHEET

The defendants submitted a proposed jury verdict sheet which sought to have listed non-party tortfeasors. (ECF # 243). At the Charge and Verdict Conference, held on August 26, 2009, the Court denied defendants' request to list these tortfeasors, noting the defendants' exception and

continued objection to the ruling. It is respectfully submitted that the preclusion of the requested non-party tortfeasors from the verdict sheet constitutes reversible error and the verdict should be set aside with a new trial ordered.

The inclusion of non-party tortfeasors, pursuant to CPLR Article 16, on the jury verdict sheet has been directly addressed by the New York State Court of Appeals in Chianese v. Meier, 98 N.Y.2d 270 (2002). Pursuant to the holding in that case, non-party tortfeasors should be listed on the jury verdict sheet for purposes of apportionment. As stated by the Court of Appeals, the "purpose of the statue was to 'remedy the inequities created by joint and several liability on low-fault, 'deep-pocket' defendants'". Chianese, supra, citing Rangolan v. County of Nassau, 96 N.Y.2d 42. The plain language of CPLR Article 16, together with the Court of Appeals' ruling in Chianese, make it clear that the non-party tortfeasors, as requested by the defendants, should have been listed on the jury verdict sheet. The preclusion of these non-party tortfeasors constitutes reversible error. See, Roseboro v. New York City Transit Authority, 10 A.D.3d 524 (1st Dept. 2004).

Moreover, the extent of Anthony Mitrione, Jr.'s liability should have been submitted to the jury for consideration as well. In Chianese, supra, the Court of Appeals specifically addressed the exception of Article 16 for "actions requiring proof of intent". See, CPLR 1602(5). In Chianese, the action was one for negligence against a landlord by a plaintiff-tenant who had been attacked on the landlord's premises. The landlord sought to have the jury consider the extent of liability of the non-party assailant who attacked the plaintiff. Plaintiff's argued that because their negligence claim against defendants necessarily involved the assailant's intentional act, that the negligence claim against the landlord was also one requiring proof of intent. Chianese, supra at

276. The Court of Appeals rejected this argument, holding: "that a nonparty tortfeasor acted intentionally does not bring a pure negligence action within the scope of the exclusion" under CPLR 1602(5). Chianese, supra at 277. The Court further noted that "[u]nder plaintiff's reading of the statute, the right of a low-fault defendant to apportion would depend entirely on the nature of the culpability of the third-party tortfeasor. A negligent defendant could apportion liability with a negligent or reckless third-party tortfeasor, but not an intentional tortfeasor [citation omitted]. Such a result is not only illogical but also inconsistent with the chief remedial purpose of article 16." Chianese, supra at 278.

Here, plaintiff's action against the defendants is one of medical malpractice, requiring no proof of intent. As such, based on the plain language of CPLR Article 16 and the unequivocal holding of Chianese, supra, the defendants were entitled to apportionment of fault with non-party tortfeasors.

Based on the foregoing, it is respectfully submitted that the preclusion of Anthony Mitrione, Jr., Elizabeth Mitrione, Catherine Page, Nancy Lewis and the Crisis Center of Clinton, Franklin and Essex Counties from the verdict sheet, with regard to both Brittany and Melissa Page, constitutes reversible error and that the verdict should be set aside and a new trial ordered by the Court.

### THE JURY SHOULD HAVE BEEN CHARGED REGARDING "ERROR IN JUDGMENT"

The defendants requested that the jury be charged regarding "error in judgment", pursuant to N.Y. P.J.I. 2:150, and the Court denied this request stating that there was no proof that Dr. Monroe chose between medically accepted treatment alternatives. It is respectfully submitted that the defendants did enter proof in this regard and that the charge should have been given to

the jury. Specifically, testimony was elicited from defendant Dr. Monroe that the alternatives that she considered and chose between were attempting to address the sexual abuse issue with Brittany Page during the sick visits of September and/or October 2000, or waiting to address the sex abuse issue when Brittany came into the office for an extended visit specific to that issue. Dr. Monroe did not feel it would be effective to attempt to address the issue with Brittany at the sick visits and chose to wait to address the issue at an extended visit scheduled specifically for that purpose. Additionally, the defendant's expert, Dr. Tomiak, testified that it is a matter of clinical judgment in this situation regarding from whom, and at what point, a medical history will be taken.

Based on this testimony it is respectfully submitted that the error in judgment charge should have been submitted to the jury.

### PLAINTIFF OPENED THE DOOR TO EVIDENCE REGARDING COUNSELING AND OTHER PERSONS CONTACTED BY CATHERINE PAGE

"[A] trial court should decide "door-opening" issues in its discretion, by considering whether, and to what extent, the evidence or argument said to open the door is incomplete and misleading, and what if any otherwise inadmissible evidence is reasonably necessary to correct the misleading impression." People v. Massie, 2 N.Y.3d 179, 184 (2004).

As detailed in the accompanying Affidavit of Kelly M. Monroe, plaintiffs presented evidence and argument to the jury which was incomplete and misleading and opened the door to evidence that the Court had previously ruled was inadmissible.

### ANTHONY MITRIONE, JR.'S, STATEMENT TO THE POLICE

Pursuant to the Federal Rules of Evidence, Hearsay is a statement, whether oral or written, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Fed. R. Evid. 801. Pursuant to Fed. R. Evid. 804, a statement against interest may only be admitted under this hearsay exception where the proponent has demonstrated that the declarant was/is unavailable. As the plaintiff failed to make such a showing in this matter, admission of the statement was error and, as detailed in the accompanying affidavit of Kelly M. Monroe, was prejudicial to the defense.

### REMAINING ARGUMENTS

With regard to the remaining arguments and issues raised by the defendants in this post-trial motion, which are factually detailed in the accompanying affidavit of Kelly M. Monroe, and in the interest of brevity, the Court is respectfully referred to the defendants' pretrial submissions, referred to in, and attached to, said affidavit, and incorporated herein by reference.

### CONCLUSION

Based on the foregoing, it is respectfully submitted that this verdict should be set aside and a new trial ordered.

THUILLEZ, FORD, GOLD, BUTLER & YOUNG, LLP

Dated: September 4, 2009
At Albany, New York

*(signature)*
Kelly M. Monroe
Bar Roll: 513806
Thuillez, Ford, Gold, Butler & Young, LLP
*Attorneys for Defendants Patricia Monroe and Adirondack Internal Medicine and Pediatrics, P.C.*
20 Corporate Woods Boulevard
Albany, New York 12211
Telephone No.: (518) 455-9952
Fax No.: (518) 462-4031
E-mail: kmonroe@thuillezford.com